IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN RAMON MOSBY, #327-278, #1587331*

\*

v                                          \*        Civil Action No. CCB-17-1290

FRANK BISHOP, JR.,                         \*
JOHN MCCARTHY, and
THE ATTORNEY GENERAL OF THE                \*
STATE OF MARYLAND
                                           \*

\*\*\*

## MEMORANDUM

Kevin Ramon Mosby, a self-represented Maryland prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He attacks his 2005 conviction in the Circuit Court for Montgomery County, Maryland, for first-degree burglary and related offenses. He also submitted exhibits in support of the petition. Respondents have responded and offered the docket sheet outlining proceedings relating to Mosby's criminal case as well as a statement of reasons dismissing Mosby's post-conviction petition. (ECF No. 6.) Mosby has replied. (ECF No. 8.) After reviewing the petition, answer, and reply, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For the reasons set forth below, the petition shall be denied and a certificate of appealability shall not issue.

### I. Factual and Procedural History

A.  State Proceedings

On April 7, 2005, Mosby pleaded guilty to first-degree burglary, illegal use of a handgun, and second-degree assault in the Circuit Court for Montgomery County. (ECF 6 -1, Entry 28.)

On that same day, April 7, 2005, Mosby was sentenced to 22 years of incarceration. (*Id.*) Mosby did not file an application for leave to appeal the entry of his plea and sentence; thus, his judgment became final for direct appeal purposes on Monday, May 9, 2005. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of judgment from which appeal is sought).

On May 4, 2005, Mosby filed a motion for reconsideration of sentence. (ECF No. 6-1, Entry 38.) On April 9, 2010, the Circuit Court modified Mosby's sentence as to Count 1 (first-degree burglary) to 20 years of incarceration, suspended execution of all but 15 years of the sentence, giving credit for time served from October 20, 2004, and recommended Mosby serve his sentence at Patuxent Institution. The Circuit Court also imposed a 20-year sentence as to Count 4 (use of a handgun in the commission of a violent crime), suspending all but 5 years, to run consecutive to Count 1. As to Count 6 (second-degree assault), a ten-year sentence was imposed, with all but 2 years suspended, to run consecutive to Count 4. Five years of supervised probation was also imposed. (ECF No. 6-1, Entry 132.) Mosby did not appeal this decision.

On July 9, 2007, Mosby filed a post-conviction petition in the Montgomery County Circuit Court. (ECF No. 6-1, Entry 55.) He withdrew the petition on December 23, 2008. (*Id.*, Entry 88.)

Thereafter, Mosby's ongoing requests to the Circuit Court, although often styled as motions for reconsideration of sentence, were treated functionally as requests for drug treatment under § 8-505 of the Health General Article of the Maryland Code. (ECF No. 6 at p. 4; *see also* ECF No. 6-1, Entries 136, 169, 171, 175, 182.)

On June 10, 2015, Mosby filed another petition for post-conviction relief. (*Id.*, Entry 186.) The Circuit Court dismissed the petition on October 7, 2016, because it was filed more

than ten years after the date of sentencing and no extraordinary circumstances justified the belated filing. (ECF No. 6-1, Entry 221; 6-2; *see also* Md. Code of Crim. Pro. 7-103(b).) Mosby's application for leave to appeal the dismissal of the untimely post-conviction petition was denied by the Court of Special Appeals of Maryland on April 18, 2017. (ECF No. 1-2.)

B.   Federal Proceedings

In his petition, Mosby asserts that his plea was involuntary. He also asserts that counsel provided ineffective assistance by failing to act on his directive that counsel seek leave to appeal.

In a limited answer to the petition, respondents assert that the merit of Mosby's claims cannot be examined because the petition is untimely pursuant to 28 U.S.C. § 2244(d) and Mosby has provided no basis for applying the doctrine of equitable tolling. (ECF No. 6 at 2-6.)

In reply, Mosby argues that his limited knowledge of the law is sufficient to invoke the doctrine. (ECF No. 8 at 1-2.)

## II. Discussion

### A. Applicable Statutory Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S.C. § 2254. The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A)[1]; *see also Wall v. Kholi,* 562 U.S. 545, 549

---

[1] This section provides:

3

(2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

## B. Analysis

Here, the limitations period began to run, at the latest, on April 9, 2010, when Mosby's motion for reconsideration of sentence was granted. Between April 9, 2010, when his reconsideration of sentence was granted, and June 10, 2015, when Mosby filed another petition for post-conviction relief, there were no proceedings in state court that would serve to toll the limitations period of 28 U.S.C. § 2244(d). Mosby presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

In order to be entitled to equitable tolling of the limitations period, Mosby must establish that either some wrongful conduct by the State contributed to the delay in filing his federal

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F. 3d at 328. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (equitable tolling limited to extraordinary circumstance).

To the extent the delay might be attributed to Mosby's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Mosby has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.

## Conclusion

The instant petition for habeas corpus relief will be denied and this case dismissed by separate order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d at 684 (quoting *Slack v. Daniel*, 529 U.S. 473, 484

5

(2000)). Mosby does not satisfy this standard. *See Buck v. Davis*, ___ U.S. ___, 137 S.Ct. 759, 773 (Feb. 22, 2017). Therefore, the court declines to issue a certificate of appealability.[2]

__August 1, 2017__  
      Date

                 /s/  
Catherine C. Blake  
United States District Judge

---

[2] Denial of a certificate of appealability in the district court does not preclude Mosby from requesting a certificate of appealability from the appellate court.